UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEX PETTIS, #NP-1683, | |
| Plaintiff, | CIVIL ACTION NO. 3:19-CV-1308 |
| v. | (SAPORITO, M.J.) |
| CORRECTIONAL OFFICER EVERHART, et al., | |
| Defendants. | |

## MEMORANDUM

This matter is before the Court on a motion by the plaintiff for an extension of time. (Doc. 32.) The motion was untimely filed. For the reasons that follow, the motion will be denied.

The defendants filed a motion to dismiss the amended complaint on January 13, 2020. (Doc. 19.) They filed a brief in support of the motion that same day. (Doc. 20.) Both the motion and the brief in support were served on the plaintiff by mail that same day. (*See* Doc. 19, at 2; Doc. 20, at 10.)

The local civil rules require a party to file an opposition brief, if any, within 14 days after service of the movant's brief. *See* L.R. 7.6. Under this rule, a party's failure to timely file a brief in opposition results in the

motion being considered unopposed. *See id.* Because the defendants' brief in support was served by mail, the plaintiff's opposition brief was due to be filed on or before January 30, 2020. *See* Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), . . . 3 days are added after the period would otherwise expire . . . ."); *see also* Fed. R. Civ. P. 5(b)(2)(C) ("A paper is served under this rule by . . . mailing it to the person's last known address—in which event service is complete upon mailing . . . .").

On February 28, 2020, having received no brief in opposition to the motion, the Court entered a *sua sponte* order extending the response time and directing the plaintiff to file his brief in opposition within ten days— that is, on or before March 9, 2020. (Doc. 21.) We also admonished the plaintiff that the motion to dismiss would be deemed unopposed if he failed to timely file a brief in opposition. (*Id.*)

On March 9, 2020, the Court received and filed a *pro se* motion for default judgment, signed and dated by the plaintiff on March 3, 2020. (Doc. 22.) In his motion, the plaintiff represented that he had not received a service copy of an answer or motion to dismiss from the defendants.

(*Id.*) On March 10, 2020, we entered an order striking the motion for default judgment as premature because the defendants had in fact timely responded to the amended complaint, whether the plaintiff had received his service copy or not, and because default had not yet been entered against the defendants. (Doc. 23.) We further ordered the defendants to re-serve their motion and brief in support, and we directed the plaintiff to file and serve his brief in opposition within 14 days after service of the second copy of the motion to dismiss and brief in support. (*Id.*)

On March 30, 2020, the Court received and filed a timely *pro se* motion for an extension of time from the plaintiff, mailed by the plaintiff on March 18, 2020. (Doc. 25.) The plaintiff requested a 45-day extension of time to file his brief in opposition because movement restrictions imposed in response to the COVID-19 pandemic had limited his access to the prison law library. (*Id.*) On April 1, 2020, we entered an order granting the plaintiff's motion for good cause shown and directing him to file and serve his brief in opposition within 60 days after service of the second copy of the motion to dismiss and brief in support. (Doc. 26.) On April 3, 2020, the defendants filed a certificate of service stating that a second copy of the motion and brief in support had been electronically

forwarded to the plaintiff's institution for personal service. (Doc. 27.) In a subsequent letter to the Court, the plaintiff acknowledged having received personal service of the motion and brief in support on April 7, 2020. (Doc. 28.) Based on this information, the plaintiff's opposition brief was due to be filed on or before Monday, June 8, 2020. *See* Fed. R. Civ. P. 6(a)(1) ("[I]f the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

On June 17, 2020, having still received no brief in opposition to the motion, the Court once again entered a *sua sponte* order extending the response time and directing the plaintiff to file a brief in opposition within ten days—that is, on or before Monday, June 29, 2020. (Doc. 29.) *See* Fed. R. Civ. P. 6(a)(1). We also admonished the plaintiff yet again that the motion to dismiss would be deemed unopposed if he failed to timely file a brief in opposition. (*Id.*)

On June 29, 2020, the Court received and filed a timely *pro se* motion for an extension of time, signed and dated by the plaintiff on June 21, 2020. (Doc. 30.) The plaintiff requested an additional 45- to 60-day extension of time to file his brief in opposition because movement

restrictions imposed in response to the COVID-19 pandemic had limited his access to the prison law library. (*Id.*) On June 30, 2020, we entered an order granting the plaintiff's motion for good cause shown and directing him to file and serve his brief in opposition on or before a date certain—September 1, 2020. (Doc. 31.) We once more admonished the plaintiff that the motion to dismiss would be deemed unopposed if he failed to timely file a brief in opposition. (*Id.*)

On September 1, 2020, the deadline for filing a brief in opposition to the motion to dismiss once again expired without any brief having been filed by the plaintiff.

On September 14, 2020, the Court received and filed the instant *pro se* motion for an extension of time, signed and dated by the plaintiff on September 3, 2020.[1] (Doc. 32.) The plaintiff once again requests an additional 60-day extension of time due to movement restriction that limit his access to the prison law library. (*Id.*)

Under Rule 6(b) of the Federal Rules of Civil Procedure, a district court may extend a deadline "for good cause . . . with or without motion

---

[1] The envelope in which the motion was mailed is postmarked September 8, 2020.

if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(2)(A). Once the deadline has passed, a district court is permitted to extend a deadline for a motion paper "for good cause . . . if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(2)(B). Rule 6(b) not only confers upon the district court discretion to extend a deadline or accept untimely filings, it "also provides the mechanism by which that discretion is to be invoked and exercised." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896 (1990); *see also Drippe v. Tobelinski*, 604 F.3d 778, 783 (3d Cir. 2010). "[A]lthough extensions before expiration of the time period may be 'with or without motion or notice,' any *post*deadline extension must be 'upon motion made,' and is permissible only where the failure to meet the deadline 'was the result of excusable neglect.'" *Lujan*, 497 U.S. at 896 (emphasis in original); *see also id.* at 896 n.5 (discussing the "clear distinction between 'requests' and 'motions'" under the Rule); *Drippe*, 604 F.3d at 783–84. Regardless of its timing, the extension of a time limitation must always be for good cause. *See* Fed. R. Civ. P. 6(b); *Lujan*, 497 U.S. at 896.

As the Supreme Court of the United States has observed,

"excusable neglect" under Rule 6(b) is a "somewhat elastic concept" which "may extend to inadvertent delays" in some circumstances. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391–92 (1993); *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 246 F.3d 315, 322 (3d Cir. 2001). The determination of whether neglect is excusable

> is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer Inv. Servs.*, 507 U.S. at 395; *see also Orthopedic Bone Screw Prods.*, 246 F.3d at 322–23. Moreover, in evaluating the third factor—the reason for the delay—courts of the Third Circuit will also consider "the diligence of the moving party as well as whether the asserted inadvertence reflects either professional incompetence or an 'easily manufactured excuse incapable of verification by the court.'" *Kimberg v. Univ. of Scranton*, 411 Fed. App'x 473, 477 (3d Cir. 2010); *see also Ragguette v. Premier Wines & Spirits*, 691 F.3d 315, 327 (3d Cir. 2012); *Kanoff v. Better Life Renting Corp.*, 350 Fed. App'x 655, 657 (3d Cir. 2009) ("To summarize, 'excusable neglect' describes situations 'where the court,

after weighing the relevant considerations is satisfied that counsel has exhibited substantial diligence, professional competence and has acted in good faith to conform his or her conduct in accordance with the rule, but as the result of some minor neglect, compliance was not achieved.'" (quoting *Consol. Freightways Corp. of Del. v. Larson*, 827 F.2d 916, 920 (3d Cir. 1987))). "[E]xcusable neglect must be demonstrated up to the time the extension motion is filed." *Century III Mall PA, LLC v. Sears Roebuck & Co.*, 758 Fed. App'x 242, 245 (3d Cir. 2018) (per curiam).

Here, there is little danger of prejudice to the defendants and there is nothing to suggest that the plaintiff-movant has acted in bad faith. But we find the length of delay and reason for delay militate against a finding of excusable neglect.

The plaintiff has already benefited from *substantial* extensions of time with respect to this motion. The motion was originally filed and served on January 13, 2020, and the plaintiff's brief was originally due on January 30, 2020. That deadline has been extended multiple times, parlaying the original 14-day period for responding into *eight months*. Even under the circumstances described by the plaintiff in his motion, the plaintiff has already had abundant time to respond to a run-of-the-

mill motion to dismiss.[2] The plaintiff's untimely motion now requests that this time period be extended another two months.

The plaintiff provides no reason whatsoever for his delay in filing the instant motion to extend. Our last order granting him an extension provided a *date certain* for filing his brief in opposition. That order was entered more than 60 days before the most recent deadline, yet the plaintiff failed to make the instant request for further extension of time until *after* that deadline had expired. Moreover, the plaintiff's course of conduct with respect to the underlying motion to dismiss exhibits a lack of substantial diligence. In addition to his failure to timely file the instant motion to extend, he has twice before failed to respond to the motion to dismiss at all. In both of those prior instances, we extended the time period *sua sponte* and directed him to file a brief in opposition. Yet still, no brief, despite having been given eight months to respond.

Accordingly, we find that the plaintiff-movant has failed to

---

[2] The defendants argue two points: (1) two of them had no personal involvement in the allegedly unconstitutional conduct because their only roles were to investigate and review the plaintiff's inmate grievance; and (2) the plaintiff failed to state a due process claim for the loss of personal property because that inmate grievance process afforded him an adequate post-deprivation remedy.

- 9 -

demonstrate excusable neglect for his failure to timely file the instant motion for an extension of time. In the absence of excusable neglect, we do not reach the question of whether good cause for an extension exists. The plaintiff's untimely motion for an extension of time (Doc. 32) will be denied.

    An appropriate order follows.


Dated: September 16, 2020        ***s/Joseph F. Saporito, Jr.***
                                           JOSEPH F. SAPORITO, JR.
                                           United States Magistrate Judge