# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

ALEX PETTIS, #NP-1683,

      Plaintiff,

      v.

CORRECTIONAL OFFICER
EVERHART, et al.,

      Defendants.

CIVIL ACTION NO. 3:19-CV-1308

(SAPORITO, M.J.)

## MEMORANDUM

This federal civil rights action commenced on July 29, 2019, when the Clerk received and lodged a *pro se* complaint from the plaintiff, Alex Pettis, signed and dated on July 24, 2019. (Doc. 1.) The complaint was not accompanied by payment of the requisite filing and administrative fees. On August 29, 2019, the plaintiff filed a motion for leave to proceed *in forma pauperis*. (Doc. 4.) On October 1, 2019, we granted the plaintiff leave to proceed *in forma pauperis*, at which time the complaint was deemed filed. (Doc. 8.) On December 27, 2019, the plaintiff filed his amended complaint. (Doc. 17.)

The defendants have moved to dismiss the complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6)

of the Federal Rules of Civil Procedure. (Doc. 19; *see also* Doc. 20.) Despite multiple extensions of time, the plaintiff has failed to file a brief in opposition.

## I.   BACKGROUND

The plaintiff is a convicted state prisoner, incarcerated at SCI Rockview, a state correctional institution in Centre County, Pennsylvania. In his *pro se* amended complaint, the plaintiff claims that, on September 27, 2017, defendants Everhart and Wykoff, correctional officers at SCI Rockview, confiscated legal papers related to Pettis's criminal proceedings, which were on direct appeal at the time. These legal papers included bank account information and notes on surveillance video footage, all related to the plaintiff's criminal proceedings.

Pettis submitted an inmate grievance, which was denied by the investigating grievance officer, defendant Lieutenant Vance. Pettis appealed the grievance, which was ultimately denied in January 2018 by defendant Keri Moore, an assistant chief grievance officer who signed on behalf of Dorina Varner, the statewide chief grievance officer for the Pennsylvania Department of Corrections ("DOC"). During the grievance investigation process, correctional officers Everhart and Wykoff were

interviewed and stated that they removed "scrap paper" from Pettis's cell, which was discarded as trash.

Pettis claims that the confiscation of these legal papers violated DOC policies and the proscriptions of First, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. For relief, he seeks $5,000 in compensatory damages and $10,000 in punitive damages.

## II.  LEGAL STANDARDS

### A. Rule 12(b)(1) Standard

A Rule 12(b)(1) motion[1] is the proper mechanism for raising the issue of whether Eleventh Amendment immunity bars the exercise of federal jurisdiction. *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 n.2 (3d Cir. 1996) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–100 (1984)). The plaintiff bears the burden of establishing the existence of subject matter jurisdiction when challenged

---

[1] Although the defendants do not address the plaintiff's official-capacity claims or Eleventh Amendment immunity from suit in their motion papers, the Court is permitted to raise the issue of its own subject matter jurisdiction *sua sponte. See Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995) ("Federal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue *sua sponte* . . . ."); *Johnson v. United States*, Civil No. 1:CV-08-0816, 2009 WL 2762729, at *2 (M.D. Pa. Aug. 27, 2009).

under Rule 12(b)(1). *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). A defendant may challenge the existence of subject matter jurisdiction in one of two fashions: it may attack the complaint on its face or it may attack the existence of subject matter jurisdiction in fact, relying on evidence beyond the pleadings. *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Where a defendant attacks a complaint as deficient on its face, "the court must consider the allegations of the complaint as true." *Mortensen*, 549 F.2d at 891. "In deciding a Rule 12(b)(1) facial attack, the court may only consider the allegations contained in the complaint and the exhibits attached to the complaint; matters of public record such as court records, letter decisions of government agencies and published reports of administrative bodies; and 'undisputably authentic' documents which the plaintiff has identified as a basis of his claims and which the defendant has attached as exhibits to his motion to dismiss." *Medici v. Pocono Mountain Sch. Dist.*, No. 09-CV-2344, 2010 WL 1006917, at *2 (M.D. Pa. Mar. 16, 2010). However, when a motion to dismiss attacks the existence of subject matter jurisdiction in fact, "no presumptive truthfulness attaches to

plaintiff's allegations," and "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen*, 549 F.2d at 891. This case falls into the former category.

### B. Rule 12(b)(6) Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Although a plaintiff is entitled to notice and an opportunity to respond to a motion to dismiss, he has no obligation to do so—he may opt to stand on the pleadings rather than file an opposition. The Court must nevertheless examine the complaint and determine whether it states a claim as a matter of law. *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991); *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F2d 168, 174 (3d Cir. 1990).

"Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 555–56 (2007)). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). Nor is it required to credit factual allegations contradicted by indisputably authentic documents on which the complaint relies or matters of public record of which we may take judicial notice. *In re Washington Mut. Inc.*, 741 Fed. App'x 88, 91 n.3 (3d Cir. 2018); *Sourovelis v. City of Philadelphia*, 246 F. Supp. 3d 1058, 1075 (E.D. Pa. 2017); *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588–89 (W.D. Pa. 2008).

## C. *Sua Sponte* Dismissal Standard

Under 28 U.S.C. § 1915A, the Court is obligated to screen a civil complaint in which a prisoner is seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C.

§ 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The Court has a similar obligation with respect to actions brought *in forma pauperis* and actions concerning prison conditions. *See id.* § 1915(e)(2)(B)(ii); 42 U.S.C. § 1997e(c)(1). *See generally Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 587–89 (W.D. Pa. 2008) (summarizing prisoner litigation screening procedures and standards). The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Brodzki v. Tribune Co.*, 481 Fed. App'x 705, 706 (3d Cir. 2012) (per curiam); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010); *Banks*, 568 F. Supp. 2d at 588.

## III.   DISCUSSION

The plaintiff brings this action for damages under 42 U.S.C. § 1983. Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other

> person within the jurisdiction thereof to the deprivation
> of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 does not create substantive rights, but instead provides remedies for rights established elsewhere. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). To establish a § 1983 claim, a plaintiff must establish that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995). To avoid dismissal for failure to state a claim, a civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).

### A. Official-Capacity Claims

The *pro se* amended complaint states that the defendants are sued in both their personal and official capacities.

Absent abrogation by Congress or waiver by the state, the Eleventh Amendment to the United States Constitution provides that states, and their constituent agencies or departments, are immune from suit in

federal court. *Pennhurst State. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984). The Pennsylvania Department of Corrections is one such state agency entitled to Eleventh Amendment immunity from suit. *Lavia v. Pa. Dep't of Corrs.*, 224 F.3d 190, 195 (3d Cir. 2000); *Hollihan v. Pa. Dep't of Corrs.*, 159 F. Supp. 3d 502, 510 (M.D. Pa. 2016). The Commonwealth of Pennsylvania has expressly declined to waive its sovereign immunity in federal court. *See* 42 Pa. Cons. Stat. Ann. § 8521(b); *Lavia*, 224 F.3d at 195; *Hollihan*, 159 F. Supp. 3d at 510. To the extent the plaintiff seeks to recover money damages from any individual defendant in his or her official capacity, that claim is likewise barred by the Eleventh Amendment. *See Betts v. New Castle Youth Dev'p Ctr.*, 621 F.3d 249, 254 (3d Cir. 2010) ("Individual state employees sued in their official capacity are also entitled to Eleventh Amendment immunity because 'official-capacity suits generally represent only another way of pleading an action' against the state.") (quoting *Hafer v. Melo*, 502 U.S. 21, 25 (1991)); *see also Pennhurst*, 465 U.S. at 120–21 (Eleventh Amendment bars pendent state-law claims); *Chee-Wah v. Maurer*, 663 Fed. App'x 194, 198 (3d Cir. 2016) (per curiam) (same).

    Accordingly, the plaintiff's claims against the defendants in their

official capacity shall be dismissed *sua sponte* for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

### B. Personal Involvement

The *pro se* amended complaint asserts claims against defendants Vance and Moore based on their roles in the inmate grievance process. Defendant Vance initially investigated and denied Pettis's grievance, and defendant Moore reviewed and ultimately denied the grievance.

But "[c]ivil rights claims cannot be premised on a theory of *respondeat superior*. Rather, each named defendant must be shown, via the complaint's allegations, to have been *personally involved* in the events or occurrences which underlie a claim." *Millbrook v. United States*, 8 F. Supp. 3d 601, 613 (M.D. Pa. 2014) (citation omitted) (emphasis added). As previously explained by the Third Circuit:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

*Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Although a

supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." *Chinchello v. Fenton*, 805 F.2d 126, 133 (3d Cir. 1986).

The complaint fails to allege any personal involvement whatsoever by Lieutenant Vance or Assistant Chief Grievance Officer Moore. It is well-settled that if a prison official's only involvement is investigating or ruling on an inmate's grievance after the incident giving rise to the grievance has occurred, there is no personal involvement on the part of that official. *See Rode*, 845 F.2d at 1208; *see also Brooks v. Beard*, 167 Fed. App'x 923, 925 (3d Cir. 2006) (per curiam) (characterizing such a claim as legally frivolous). "[T]he mere fact that an official receives and reviews a letter or grievance appeal is insufficient to establish personal involvement (*i.e.*, failure to respond or react does not establish that the official endorsed or acquiesced in the conduct at issue)." *Hennis v. Varner*, Civil Action No. 12-646, 2014 WL 1317556, at *9 (W.D. Pa. Mar. 31, 2014); *see also Moore v. Mann*, Civil No. 3:CV-13-2771, 2015 WL 3755045, at *4 (M.D. Pa. June 16, 2015) ("[T]he mere fact that [the defendant] may have learned about Plaintiff's claims through a piece of

correspondence . . . is not enough to impute liability to [the defendant]. . . . [A]n allegation that an official ignored correspondence from an inmate . . . is insufficient to impose liability on the supervisory official."); *Adderly v. Eidem*, Civil No. 3:CV-11-0694, 2014 WL 643639, at *6 (M.D. Pa. Feb. 19, 2014) ("Simply alleging that an official failed to respond to a letter or request Plaintiff may have sent raising complaints is not enough to demonstrate they had the requisite personal involvement.").

Accordingly, the defendants' motion will be granted and the plaintiff's claims against defendants Vance and Moore in their personal capacity shall be dismissed for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### C. Violation of DOC Policies

The plaintiff claims that the confiscation and destruction of his legal papers by defendants Everhart and Wykoff was in violation of DOC policies governing the handling of confiscated property.

"To the extent [Pettis] seeks relief for the violation of DOC policies, these regulations are not cognizable under 42 U.S.C. § 1983." *Johnson v.*

*Dep't of Corr.*, Civil Action No. 1:14-cv-00896, 2016 WL 1135501, at *8 n.41 (M.D. Pa. Mar. 3, 2016), *report and recommendation adopted by* 2016 WL 1109471 (M.D. Pa. Mar. 22, 2016); *see also Bullard v. Scism*, 449 Fed. App'x 232, 235 (3d Cir. 2011) (per curiam) ("[E]ven if the [BOP's] regulation were violated, its violation is not actionable."); *Faircloth v. Schwartz*, Civil Action No. 12-cv-02764-REB-KLM, 2014 WL 4466663, at *21 (D. Colo. Sept. 10, 2014) ("[Because] administrative regulations cannot create private causes of action outside the scope of substantive rights . . . [an inmate] has no right to enforce prison regulations through a private legal action, except to the extent that those regulations implicated constitutional rights.") (citing *Alexander v. Sandoval*, 532 U.S. 275, 289–93 (2001)).

Accordingly, the plaintiff's claims against defendants Everhart and Wykoff in their personal capacity for violation of DOC policies shall be dismissed for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), 28 U.S.C. § 1915A(b)(1), and 42 U.S.C. § 1997e(c)(1).

### D. Access-to-Courts Claims

Pettis appears to claim that the confiscation of his legal papers

violated his constitutional right to access the courts. *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013) (discussing a court's obligation to liberally construe *pro se* pleadings and other submissions, particularly when dealing with imprisoned *pro se* litigants).

It is well-established that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). "A prisoner raising an access-to-courts claim must show that the denial of access caused him to suffer an actual injury." *Garcia v. Dechan*, 384 Fed. App'x 94, 95 (3d Cir. 2010) (per curiam); *see also Lewis v. Casey*, 518 U.S. 343, 351 (1996). "An actual injury occurs when the prisoner is prevented from or has lost the opportunity to pursue a 'nonfrivolous' and 'arguable' claim." *Garcia*, 384 Fed. App'x at 95; *see also Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Moreover, under *Bounds*, the "injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354.

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Id.* at 355.

It is also beyond dispute that, at the time of the events underlying Pettis's claims, he was represented by appellate counsel in the criminal proceedings referenced in his amended complaint. *See Commonwealth v. Pettis*, 177 A.3d 829 (Pa. 2018) (per curiam) (denying allocatur on January 3, 2018); *Commonwealth v. Pettis*, Docket No. 381 MAL 2017 (Pa.) (counseled petition for allocatur filed on May 11, 2017).[2] The fact that Pettis was represented by counsel in that criminal appeal forecloses his access-to-courts claim as a matter of law. *See Pressley v. Johnson*, 268 Fed. App'x 181, 183 (3d Cir. 2008) (per curiam) (alleged destruction of

---

[2] A district court may properly take judicial notice of state court records, as well as its own. *See* Fed. R. Evid. 201; *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007); *Ernst v. Child & Youth Servs. of Chester Cty.*, 108 F.3d 486, 498–99 (3d Cir. 1997); *Pennsylvania v. Brown*, 373 F.2d 771, 778 (3d Cir. 1967).

prisoner's legal materials did not deny access to courts where he was represented by counsel and received a jury trial on his civil rights claims); *Walters v. Edgar*, 973 F. Supp. 793, 799 (N.D. Ill. 1997) ("The fact that counsel represented him on appeal [from a criminal conviction and sentence] . . . satisfies the requirements of *Bounds v. Smith*."); *Wilson v. Wittke*, 459 F. Supp. 1345, 1346 (E.D. Wis. 1978) ("[T]he plaintiff is represented by counsel and therefore has adequate access to the courts. . . . [T]he plaintiff's claim that he is being deprived of access to the courts is clearly foreclosed by *Bounds v. Smith*."); *Urbano v. McCorkle*, 164 (D.N.J. 1971) (finding no denial of access to the courts where prisoner was represented by counsel and was allowed reasonable contact with counsel), *aff'd mem.*, 481 F.2d 1400 (3d Cir. 1973). There is no allegation that the defendants prevented Pettis from communicating with counsel or otherwise interfered with counsel's efforts in that case. *See Garcia*, 384 Fed. App'x at 95. The *Bounds* decision "guarantee[d] no particular methodology but rather the *conferral of a capability*—the capability of bringing contemplated challenges to sentences or conditions of confinement before the court." *Lewis*, 518 U.S. at 356 (emphasis added).

Accordingly, the plaintiff's access-to-courts claims against

defendants Everhart and Wykoff in their personal capacity shall be dismissed for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), 28 U.S.C. § 1915A(b)(1), and 42 U.S.C. § 1997e(c)(1).

### E. Fifth Amendment Claims

In cursory fashion, the *pro se* amended complaint references violation of the plaintiff's Fifth Amendment rights. But it provides no factual allegations whatsoever to support any claims under this provision.[3] The plaintiff has failed to provide even a threadbare recital of the elements of any cognizable § 1983 claim under the Fifth Amendment. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Such mere mentions are manifestly insufficient to provide sufficient notice that [the plaintiff] intends to claim violations of th[is] constitutional amendment[]. Thus any attempt to state a claim based on th[is] Amendment[] fails." *Petri v. Erie Children & Youth*, Case No. 1:19-cv-00243 (Erie), 2020 WL 4041552, at *6 n.8 (W.D. Pa. July 17, 2020) (citing *Hunter v. Dist. of Columbia*, 534 F. Supp. 2d 70, 71 (D.D.C. 2008)).

Accordingly, the plaintiff's Fifth Amendment claims against

---

[3] Nor does it specify the particular rights that were violated.

defendants Everhart and Wykoff in their personal capacity shall be dismissed for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), 28 U.S.C. § 1915A(b)(1), and 42 U.S.C. § 1997e(c)(1).

### F. Sixth Amendment Claims

The plaintiff claims that, in connection with the confiscation and destruction of his legal papers, he was denied the right to confront his accusers through the DOC's administrative inmate grievance process, in violation of his Sixth Amendment rights.

But the Sixth Amendment's Confrontation Clause applies only to criminal prosecutions. *Gov't of Virgin Islands v. A.M.*, 34 F.3d 153, 160 n.8 (3d Cir. 1994); *Walthour v. Child & Youth Servs.*, 728 F. Supp. 2d 628, 636 (E.D. Pa. 2010). The DOC's grievance process is not a criminal proceeding, and thus it is not subject to Sixth Amendment protections. *Felder v. Lizarraga*, No. 2:20-CV-0266-DMC-P, 2020 WL 4272854, at *8 (E.D. Cal. July 24, 2020); *see also A.M.*, 34 F.3d at 160 n.8; *Walthour*, 728 F. Supp. 2d at 636.

Accordingly, the plaintiff's Sixth Amendment claims against defendants Everhart and Wykoff in their personal capacity shall be

dismissed for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), 28 U.S.C. § 1915A(b)(1), and 42 U.S.C. § 1997e(c)(1).

### G. Fourteenth Amendment Due Process Claims

The plaintiff claims that he was deprived of his personal property—the aforementioned legal papers—without due process of law, in violation of his Fourteenth Amendment rights.

But the Supreme Court of the United States has held that meaningful post-deprivation remedies provide sufficient due process for both negligent deprivations of property, *see Parratt v. Taylor*, 451 U.S. 527, 540–44 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986), and intentional deprivations of property, *see Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The Third Circuit has previously held that an inmate grievance procedure provides an adequate post-deprivation remedy, thereby satisfying due process, even if the inmate is dissatisfied with the result. *See Tillman v. Lebanon Cty. Corr. Facility*, 221 F.3d 410, 422 (3d Cir. 2000) (an internal grievance program that allows prisoners "to complain about 'any' matter that is 'unjust,'" and provides for "direct appeal to the warden" has been found to constitute

an adequate post-deprivation remedy); *Brown v. Varner*, Civil Action No. 3:11-CV-1258, 2013 4591817, at *9 (M.D. Pa. Aug. 28, 2013) (Pennsylvania inmate had access to meaningful post-deprivation remedies for claims that property was wrongfully confiscated, and inmate had used them by filing grievances); *Rambert v. Beard*, No. 4:CV-09-0634, 2012 WL 760619, at *15 (M.D. Pa. Mar. 7, 2012) ("[T]he existence of this post-deprivation remedy forecloses any due process claim, even if an inmate is dissatisfied with the result of the process." (citations omitted)).

Here, Pettis had a meaningful post-deprivation remedy for the destruction or loss of his personal property—the inmate grievance system set forth in DC-ADM 804—and he availed himself of it, albeit without success. The existence of this post-deprivation remedy forecloses his due process claim, even if he is dissatisfied with the result.

Accordingly, the defendants' motion will be granted and the plaintiff's Fourteenth Amendment due process claims against defendants Everhart and Wykoff in their personal capacity shall be dismissed for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### H. Leave to Amend

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Based on the facts alleged in the amended complaint, it is clear that any further amendment would be futile. Therefore, the action will be dismissed *without* leave to amend.

## IV.   CONCLUSION

For the foregoing reasons, the defendants' motion will be granted, the plaintiff's claims against the defendants in their official capacity will be dismissed for lack of subject matter jurisdiction, and the plaintiff's claims against the defendants in their personal capacity will be dismissed for failure to state a claim upon which relief can be granted. The Clerk will be directed to mark this case as closed.

An appropriate order follows.


Dated: September 16, 2020            **s/Joseph F. Saporito, Jr.**
                                     JOSEPH F. SAPORITO, JR.
                                     United States Magistrate Judge