## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

ALEX PETTIS, #NP-1683,

       Plaintiff,

       v.

CORRECTIONAL OFFICER
EVERHART, et al.,

       Defendants.

CIVIL ACTION NO. 3:19-CV-1308

(SAPORITO, M.J.)

## **MEMORANDUM**

On September 16, 2020, we entered a memorandum and order dismissing this action pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(e)(2)(B)(ii), 28 U.S.C. § 1915A(b)(1), and 42 U.S.C. § 1997e(c)(1). (Doc. 36; Doc. 37.)

This matter now comes before the Court on the *pro se* plaintiff's motion for leave to appeal *in forma pauperis*. (Doc. 40.) Because the plaintiff has failed to comply with the requirements of Rule 24 of the Federal Rules of Civil Procedure, and because the appeal is not taken in good faith, the motion to appeal *in forma pauperis* will be denied.

### I.   BACKGROUND

The plaintiff is a convicted state prisoner, incarcerated at SCI

Rockview, a state correctional institution in Centre County, Pennsylvania. In his *pro se* amended complaint, the plaintiff claimed that, on September 27, 2017, defendants Everhart and Wykoff, correctional officers at SCI Rockview, confiscated legal papers related to Pettis's criminal proceedings, which were on direct appeal at the time. These legal papers included bank account information and notes on surveillance video footage, all related to the plaintiff's criminal proceedings.

Pettis submitted an inmate grievance, which was denied by the investigating grievance officer, defendant Lieutenant Vance. Pettis appealed the grievance, which was ultimately denied in January 2018 by defendant Keri Moore, an assistant chief grievance officer who signed on behalf of Dorina Varner, the statewide chief grievance officer for the Pennsylvania Department of Corrections ("DOC"). During the grievance investigation process, correctional officers Everhart and Wykoff were interviewed and stated that they removed "scrap paper" from Pettis's cell, which was discarded as trash.

This action commenced on July 29, 2019, when the Clerk received and lodged the *pro se* original complaint from the plaintiff, signed and

dated on July 24, 2019. On October 1, 2019, we granted the plaintiff leave to proceed *in forma pauperis* in this action, and the original complaint was deemed filed.

On December 27, 2019, the plaintiff filed an amended complaint. In his amended complaint, Pettis claimed that the confiscation of these legal papers violated DOC policies and proscriptions of the First, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. For relief, he sought $5,000 in compensatory damages and $10,000 in punitive damages.

The defendants moved to dismiss the amended complaint for failure to state a claim upon which relief could be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Despite multiple extensions of time, the plaintiff failed to file a brief in opposition.

On September 16, 2020, we entered a memorandum and order dismissing the action. With respect to the plaintiff's claims against the defendants in their official capacity, we found all such claims to be barred by Eleventh Amendment immunity, and we dismissed them for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. With respect to the plaintiff's personal-capacity claims

against defendants Vance and Moore, we found that the plaintiff had failed to plausibly allege personal involvement by these defendants, and we dismissed these claims against Vance and Moore for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. With respect to the plaintiff's personal-capacity claims against defendants Everhart and Wykoff, we found that the plaintiff failed to plausibly state § 1983 claims concerning violation of DOC administrative policies, denial of access to courts, deprivation of unspecified Fifth Amendment rights, denial of the right to confront witnesses in inmate grievance proceedings, and deprivation of personal property without due process of law, and we dismissed these claims against Everhart and Wykoff for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(e)(2)(B)(ii), 28 U.S.C. § 1915A(b)(1), and 42 U.S.C. § 1997e(c)(1). We declined to grant the plaintiff leave to amend, finding that amendment would be futile.

## II.   DISCUSSION

A litigant who wishes to proceed *in forma pauperis* ("IFP") on appeal must comply with Rule 24 of the Federal Rules of Appellate

Procedure and 28 U.S.C. § 1915. *See* 28 U.S.C. § 1915; Fed. R. App. P. 24.

Rule 24 requires that a party seeking IFP status on appeal to file a

motion in the district court and "attach an affidavit that: (A) shows . . .

the party's inability to pay or to give security for fees and costs; (B) claims

an entitlement to redress; and (C) states the issues that the party intends

to present on appeal." Fed. R. App. P. 24(a)(1).[1] If the district court denies

an IFP motion, the court must set forth its reasons in writing. Fed. R.

App. P. 24(a)(2).

In addition, 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may

---

[1] We note that Rule 24(a)(3) allows a party who was permitted to proceed IFP in the district court action to proceed on appeal *in forma pauperis* without further authorization unless: (1) the district court certifies "that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis* and states in writing its reasons for the certification or finding"; or (2) "a statute provides otherwise." Fed. R. App. P. 24(a)(3). Although the plaintiff was granted leave to proceed IFP in this district court action, he is a convicted state prisoner, subject to a contrary statutory provision in the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a)(2). *See* Fed. R. App. P. 24(a)(3) advisory committee note (2002) ("The PLRA . . . provides that a prisoner who was permitted to proceed in forma pauperis in the district court and who wishes to continue to proceed in forma pauperis on appeal may not do so 'automatically,' but must seek permission."); *Williams v. Paramo*, 775 F.3d 1182, 1188 n.9 (9th Cir. 2015); *Boling-Bey v. U.S. Parole Comm'n*, 559 F.3d 1149, 1153 (10th Cir. 2009); *see also Morgan v. Haro*, 112 F.3d 788, 789 (5th Cir. 1997) ("A prisoner who seeks to proceed IFP on appeal must obtain leave to so proceed despite proceeding IFP in the district court.").

not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "Good faith" for the purposes of § 1915(a)(3) does not mean "good faith from [the would-be appellant's] subjective point of view." *Coppedge v. United States*, 369 U.S. 438, 444 (1962). Instead, "'good faith' in this context must be judged by an objective standard. . . . [A would-be appellant's] good faith in this type of case [is] demonstrated when he seeks appellate review of *any issue not frivolous*." *Id.* at 445 (emphasis added). "An appeal is frivolous when it lacks an arguable basis either in law or fact, that is, when it relies on an 'indisputably meritless legal theory' or a 'clearly baseless' set of facts." *Pelzer v. Shea*, 470 Fed. App'x 62, 64 (3d Cir. 2012) (per curiam) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989)).

The plaintiff's motion for leave to appeal *in forma pauperis* will be denied for two reasons. First, although the plaintiff has demonstrated an inability to pay, the motion fails to comply with the technical requirements of Rule 24. In his motion, the plaintiff has failed to state "the issues that the party intends to present on appeal." Fed. R. App. 24(a)(1)(C). Nor are the issues identified in his notice of appeal.

Second, disregarding the technical deficiency in the motion, the

motion will also be denied because the appeal is not taken in good faith. The plaintiff's official-capacity claims lack an arguable basis in law because they are barred by Eleventh Amendment immunity. *See Pettaway v. SCI Albion*, 487 Fed. App'x 766, 768 (3d Cir. 2012) (per curiam). The plaintiff's personal-capacity claims against defendants Vance and Moore, arising solely out of their investigation and ruling on the plaintiff's inmate grievance is legally frivolous. *See Brooks v. Beard*, 167 Fed. App'x 923, 925 (3d Cir. 2006) (per curiam). The plaintiff's non-constitutional personal-capacity claims concerning the violation of DOC policies are legally frivolous because they are not cognizable under 42 U.S.C. § 1983. *See Abdul-Akbar v. Dep't of Corr.*, 910 F. Supp. 986, 1008 (D. Del. 1995). In light of his representation by counsel at the time of the alleged violation of his constitutional right of access to courts, we find that claim likewise lacks any arguable basis in law. *See Gray v. Cochran*, Civil Action 13-0549-CB-B, 2014 WL 4207731, at *3 (S.D. Ala. Aug. 25, 2014); *Barnett v. Shaw*, No. 3:11-CV-0399-L (BK), 2011 WL 2200610, at *3 (N.D. Tex. May 18, 2011); *Miller v. Normand*, Civil Action No. 10-0825, 2010 WL 5598424, at 5 n.6 (E.D. La. Dec. 8, 2010). His bald claims that the defendants violated his (otherwise unspecified) Fifth Amendment

rights are patently frivolous. *See Moore v. Taylor*, 986 F.2d 1428, 1993 WL 53594, at *2 (10th Cir. 1993) (unpublished table decision). The plaintiff's claim that inmate grievance proceedings violated his Sixth Amendment right to confront witnesses is likewise frivolous because there is no constitutional right to confront witnesses in prison administrative proceedings. *See Ransome v. Taylor*, Civ. A. No. 89-5872, 1989 WL 135374, at *1 (E.D. Pa. Nov. 8, 1989). Finally, the plaintiff's procedural due process claims are frivolous because it is clearly established that the Pennsylvania Department of Corrections grievance procedure provides an adequate post-deprivation remedy for the deprivation of property. *See Pettaway*, 487 Fed. App'x at 768.

## III.  CONCLUSION

For the foregoing reasons, the plaintiff's motion for leave to appeal *in forma pauperis* will be denied.

An appropriate order follows.

Dated: October 29, 2020                    *s/Joseph F. Saporito, Jr.*
                                           JOSEPH F. SAPORITO, JR.
                                           United States Magistrate Judge